IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDY ELLIS WILLIAMS                                                                                          PLAINTIFF

v.                              Civil No. 4:23-cv-04061-SOH-CDC

PUBLIC DEFENDER JASON MITCHELL;
PUBLIC DEFENDER JOHN PICKETT; and
PROSECUTING ATTORNEY DAVID P. COTTEN,                                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Randy Ellis Williams filed the above-captioned pro se civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § § 636(b)(1) and (3), the Honorable Susan O. Hickey, United States Chief District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation.

When Plaintiff initiated this action, he was an inmate at the Miller County Detention Center (MCDC), pending a parole revocation hearing and state criminal charges. (ECF No. 1). In a separate order, the Court granted Plaintiff's *in forma pauperis* application ("IFP").[1] (ECF No. 11). This matter is now before the Court for preservice review under the provisions of the Prison

---

[1] The Court previously directed Plaintiff to either submit a complete *in forma pauperis* (IFP) application or pay the full filing fee. (ECF No. 2). In response, Plaintiff notified the Court that MCDC personnel were not assisting him in completing the certificate of prison trust account and assets portion of his IFP application. (ECF No. 4). This Court then issued an order directing Miller County Sheriff Wayne Easley, or some other authorized official, to assist Plaintiff in filling out this form by August 7, 2023. (ECF No. 5). When the Court received nothing from either Miller County Sheriff Wayne Easley or the Plaintiff by that deadline, the Court entered an order to show cause why Miller County Sheriff Wayne Easley should not be found in contempt for failing to comply with a court order. (ECF No. 7). The Court's show cause order directed Sheriff Easley to respond by August 30, 2023. *Id.* The Court finally received Plaintiff's complete IFP application, including a signed certificate of inmate accounts and assets, on August 25, 2023. (ECF No. 10).

Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review, this Court recommends that Plaintiff's Complaint be dismissed for failure to state a claim as a matter of law. 28 U.S.C. § 1915A(b)(1).

## I.  BACKGROUND

As the Court understands it, Plaintiff asserts two claims. First, Plaintiff claims that over six court appearances from May 10, 2022, to February 7, 2023, his court-appointed lawyers – Defendants Jason Mitchell and John Pickett – lied to him about the law and forged his signatures onto legal documents that are on file with the court. (ECF No. 1). According to Plaintiff, he complained to the Public Defender Commission that his signature was forged on a motion of continuance and received two letters in response – one letter purported to resolve the issue by assigning him a different public defender, and the second letter informed him that his lawyer could sign documents on his behalf. *Id.* Plaintiff names the defendants in their individual and official capacities.

Second, Plaintiff contends that when he was brought to court for the sixth time, exactly nine months after he was first incarcerated, he was to be released on a personal bond, but his lawyer, when asked, said he did not know anything about that and told him that his only chance for release was to sign a "no contest" plea and be sentenced under the "First Time Offenders Act." (ECF No. 1). Plaintiff says he responded to his attorney, advising that the "First Time Offenders Act" is not available to defendants who, like him, have been charged with First Degree Battery. *Id.* According to Plaintiff, his attorney said nothing in reply and left the room, "while staring at

[him] with hatred, and stomped up and down the hallway, while looking at [him] each time he passed the doorway, with anger, [he] felt as if [his] life was in danger." *Id.* Plaintiff claims he then signed under duress and very shortly thereafter he was in front of the Judge when he was previously told that the Judge was not available. *Id.*

Plaintiff requests punitive damages for wrongful imprisonment, abandonment, professional misconduct, and misrepresentation of the law. *Id.*

## II.    LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In reviewing whether a complaint (or portion thereof) states a claim for which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Varga v. U.S. Nat'l Bank Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. *Pro se* complaints are to be construed liberally, but they must still allege enough facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

## III.   LEGAL ANALYSIS

Publicly accessible Arkansas state court records provide helpful context to Plaintiff's Complaint. Those records show that Plaintiff was charged by criminal information with First

3

Degree Battery, a felony, in violation of Ark. Code Ann. §§ 5-13-201(a) & (c)(1), for an incident that took place on or about May 10, 2022, in Miller County, Arkansas. *State of Arkansas v. Randy E. Williams*, Case No. 46CR-22-279 (Ark. 8th Cir. Div.) (criminal information) (May 31, 2022) (AOC CourtConnect) (last accessed Aug. 28, 2023).[2] Defendant David P. Cotten, Deputy Prosecutor, signed the criminal information. *Id.* Court records show that Attorney Jason Mitchell appeared on behalf of Plaintiff during these proceedings. *Id.* (Record of App.) (June 21, 2022). After entering a plea of "nolo contendere," or "no contest," to this charge, Plaintiff was sentenced to probation on February 23, 2023. *Id.* (Sent. Order) (Feb. 24, 2023). Court records show that Attorney John Pickett, a public defender, appeared as Plaintiff's attorney at sentencing. *Id.*

Approximately three months later, a warrant to revoke probation was served on Plaintiff. *Id.* (Rev. Warrant) (May 12, 2023). The petition for revocation alleges that Plaintiff violated the terms and conditions of his probation by, among other things, committing a new crime. *Id.* (Pet. for Rev.) (May 8, 2023); *see also State of Arkansas v. Randy E. Williams*, Case No. 46CR-23-277 (Ark. 8th Cir. Div.) (criminal information) (May 17, 2023) (AOC CourtConnect) (last accessed Aug. 28, 2023). After a contested revocation hearing where Plaintiff appeared *pro se*, the state court judge revoked Plaintiff's probation and sentenced him to ten years in the Arkansas Division of Correction (ADC). *Id.* (Sent. Order) (Aug. 23, 2023). Defendant David Cotten, prosecuting attorney, represented the State of Arkansas in those proceedings, as well. *Id.*

Given this context, the Court turns to Plaintiff's claims.

---

[2] The Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

### A. Defendants Jason Mitchell and John Pickett

With respect to the claims against Defendants Jason Mitchell and John Pickett, Plaintiff must, in order to state a claim under 42 U.S.C. § 1983, "allege a violation of a constitutional right committed by a person acting *under color of state law*." *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006) (emphasis added).

It is well established that public defenders such as Jason Mitchell and John Pickett are not considered state actors for the purposes of § 1983 "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Here, publicly accessible Arkansas state court records show that Defendants Jason Mitchell and John Pickett appeared on behalf of (or with) Plaintiff at court hearings in his state criminal case. *See Williams*, Case No. 46CR-22-279. Further, there are no allegations suggesting that Plaintiff endeavors to attach § 1983 liability to these Defendants for some *other* reason, outside of their role serving as Plaintiff's court-appointed criminal attorney.

Thus, in order to establish § 1983 liability against Defendants Mitchell and Pickett as Plaintiff's court-appointed lawyers, Plaintiff must show that they "conspired with . . . state officials to deprive a prisoner of federally protected rights," *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988). The allegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a "meeting of the minds," *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983).

Plaintiff has alleged no facts suggestive of any such conspiracy. *See Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985) (concluding that plaintiff did not establish a conspiracy where he alleged that public defender rendered ineffective assistance of counsel and he informed the state court of appeals of this fact, but the state court of appeals took no action). Plaintiff has failed to

plead facts which, if assumed true, would identify a conspiracy, who may have been conspiring, or any "meeting of the minds" about the object of the conspiracy or any overt act in furtherance of it. Plaintiff's claims against Defendants Mitchell and Pickett should therefore be dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### B. Defendant David P. Cotten

Remaining are Plaintiff's claims against David P. Cotten. These claims fail for several reasons.

First, to state a § 1983 claim, the plaintiff must establish that each defendant "personally violated plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citation omitted). Aside from naming Defendant Cotten as a defendant in this matter, Plaintiff has failed to allege any facts suggesting *how* Defendant Cotten allegedly violated his constitutional rights or even which constitutional right was allegedly violated. Plaintiff's claims against Defendant Cotten fail for this reason.

Additionally, to the extent that Plaintiff attempts to impose liability on Defendant Cotten for his role as a prosecutor in his criminal case, Defendant Cotten is likely entitled to absolute immunity. *See Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity.") (citing *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)). "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Id.*

Finally, the claims suffer another fatal flaw. A "§ 1983 action is a proper remedy for a

state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Plaintiff, however, makes no claims regarding the *conditions* of his pretrial confinement. To the contrary, his complaint is solely related to the fact that he continues to be confined, a confinement which he alleges is unlawful. (ECF No. 1).

In *Preiser*, the United States Supreme Court made clear that "when a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court extended *Preiser* to situation, such as this, where Plaintiff is not explicitly requesting a release from custody but, instead, is requesting money damages. *See* (ECF No. 1). Pursuant to *Heck*:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 477.

Thus, under *Heck*, a claim for damages for an allegedly unlawful detention does not arise until (or unless) the detainee has successfully challenged that detention through habeas or some other proceeding. *Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002). Accordingly, to the extent Plaintiff contends that his continued detention is unlawful, Plaintiff's claims should be dismissed because that detention has not been determined to be unlawful through some other mechanism.

## IV. CONCLUSION

Having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the undersigned recommends that (1) Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim; and (2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

RECOMMENED this 29th day of August 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE